UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HARDY ANDERSON,<br>    Plaintiff | CIVIL ACTION<br>NO. CV05-0932-A |
| VERSUS | |
| TIM WILKERSON,<br>    Defendant | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Hardy Anderson ("Anderson") on May 27, 2007. The named defendant is Tim Wilkerson (warden of the Winn Correctional Center ("WCC") in Winnfield, Louisiana). Anderson contends that, while he was confined at WCC in May 2004, Wilkerson failed to protect him from an attack by another inmate due to understaffing the security personnel.

Wilkerson answered the complaint and filed a motion for summary judgment, which is now before the court for disposition.

### One Year Prescriptive Period

Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); <u>McGregor v. LSU Bd. of Supervisors</u>, 3 F.3d 850, 864 (5th Cir. 1993, <u>cert. den.</u>, 510 U.S. 1131, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994). This prescriptive

period commences to run from the date injuries or damages are sustained, Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986), or, under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, McGregor, 3 F.3d at 865. Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).

Anderson's claims arose on May 3, 2004. According to the date on Anderson's complaint, he signed his complaint on May 23, 2005 and presumably handed it to the prison officials to for mailing the same day, and it was filed in this court on May 27, 2005.

Under the facts presented by Anderson in his complaint, any cause of action he may have had culminated on May 3, 2004. Therefore, any cause of action Anderson may have had prescribed on May 3, 2005. Since Anderson's complaint was signed and mailed 20 days beyond the one year limitation period and file 24 days beyond the limitation period, Anderson's action should be dismissed as untimely.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Wilkerson's motion for summary judgment be GRANTED and Anderson's action be DISMISSED WITH PREJUDICE as untimely.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of March, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE